# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

NICIE SMITH DILLEHAY                                                                    PLAINTIFF

v.                                          No. 2:07CV00030 JLH

DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT, *et al*.                                                                  DEFENDANTS

## OPINION AND ORDER

Nicie Smith Dillehay has filed this action against various entities, including the Department of Treasury, the Department of Housing and Urban Development, the Veterans Administration, and Sallie Mae. She has also filed two motions for emergency injunctions to prohibit the Department of Treasury from withholding funds from her disability checks.

It appears from reviewing the complaint and the exhibits to the complaint that the Department of Treasury is withholding funds from Dillehay's Social Security benefit payments pursuant to 31 U.S.C. § 3716. That statute authorizes the head of an agency to collect a claim by administrative offset after giving the debtor:

> (1) written notice of the type and amount of the claim, the intention of the head of the agency to collect the claim by administrative offset, and an explanation of the rights of the debtor under this section;
>
> (2) an opportunity to inspect and copy the records of the agency related to the claim;
>
> (3) an opportunity for review within the agency of the decision of the agency related to the claim; and
>
> (4) an opportunity to make a written agreement with the head of the agency to repay the amount of the claim.

31 U.S.C. § 3716(a). The statute specifically authorizes an offset of payments due under the Social Security Act. 31 U.S.C. § 3716(c)(3)(A)(i)(I). *See also Lockhart v. United States*, 376 F.3d 1027

(9th Cir. 2004). Dillehay has attached to her complaint two letters from the Department of Treasury giving notice that the amount of her Social Security benefit payments may be reduced pursuant to 31 U.S.C. § 3716. Both letters are dated January 3, 2007. One letter gives notice that her Social Security benefit payments may be reduced to collect a student loan owed to the United States Department of Education; the other gives notice that her Social Security benefit payments may be reduced to collect a debt owed to the Department of Housing and Urban Development. Both letters contain the following paragraph:

> The agency has previously sent notice to you at the last address known to the agency. The notice(s) included information on the amount and type of debt you owe, the rights available to you, and a statement of the agency's intent to collect the debt by reducing any Federal payments made to you. The agency submitted your debt to Treasury for collection because you failed to pay or otherwise resolve the debt.

Dillehay has attached to her second motion for emergency injunction a letter dated April 3, 2007, giving notice that $224.55 had been withheld from Dillehay's April 2007 Social Security benefit payment of $1,497.00. The amount withheld has been applied to pay Dillehay's student loans. The April 3 letter reiterated that the agency had sent notice to Dillehay and explained the rights available to her.

Liberally construed, Dillehay's complaint alleges that she does not in fact owe the debt to the Department of Housing and Urban Development. On the other hand, the complaint does not deny that she owes the student loans.

At the present stage of the litigation, the agencies of the United States government have not entered an appearance. It does not appear that they have been properly served pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. In fact, Dillehay has filed returns of service saying that she has served summons and complaint by first class mail. She says that she served the Department of

Treasury by mailing summons and complaint to "Director, Department of Treasury, c/o Financial Management Service, P.O. Box 1686, Birmingham, Alabama [sic] 35201-1686," that she served HUD by mailing summons and complaint to "Director, HUD, c/o Albany Financial Operations Center, 52 Corporate Circle, Albany, NY 12203;" and that she served Sallie Mae by mailing summons and complaint to "Director U.S. Dept of Eduation [sic], SALLIE MAE, Sallie MAE Inc. Post Claim Assistance, Mc 8357, PO Box 6180, Indianapolis Inc. [sic] 46206-6180." These returns of service do not reflect adequate service of summons and complaint under Rule 4(i). Dillehay, who has filed at least nine complaints in this Court, apparently recognizes that she cannot effect service by first class mail because her returns of service state, "1st class mail because Plaintiff cannot afford other means." Dillehay knows how to apply for leave to proceed in forma pauperis and has, in fact, applied successfully for leave to proceed in forma pauperis on a number of occasions.[1] However, in this case she has not applied for leave to proceed in forma pauperis. Thus, the Department of Treasury has not been served, nor has any other federal agency. Apparently, Dillehay does not intend to serve them pursuant to Rule 4(i).

The Eighth Circuit explained the factors that must be considered in ruling on a motion for preliminary injunction in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). The Court must consider: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigants; (3) the probability that movant will succeed on the merits; and (4) the public interest. Assuming as true Dillehay's allegations as to the harm that will be caused to her by the

---

[1] Dillehay's most recent case was *Dillehay v. Social Security Administration*, E.D. Ark. No. 4:05CV00142 JLH. Dillehay filed a motion for leave to proceed in forma pauperis, which was granted. She represented herself to a successful conclusion of the case.

3

administrative offset under 31 U.S.C. § 3716, still, she must make some showing of a likelihood of success on the merits. The Court cannot find that she has made any showing that she is likely to succeed on the merits. With respect to the student loan obligation, it does not appear from the complaint that she denies that she owes the debt. With respect to the obligation to the Department of Housing and Urban Development, she seems to deny that she owes the debt. She does not allege that she has pursued the administrative remedies provided in 31 U.S.C. § 3716(a) and 12 C.F.R. § 1704.42 with respect to either the student loans or the debt to HUD. This Court will not enjoin an agency of the United States government acting pursuant to statutory authority where administrative remedies are available but have not been exhausted and where the agency has not been given notice and an opportunity to be heard. Therefore, both motions for temporary injunction are DENIED. Documents #2 and #28.

This matter is hereby referred to United States Magistrate Judge John F. Forster, Jr., for disposition or recommended disposition, as appropriate, with respect to all pretrial matters other than the motions for injunction that have been denied hereinabove.

IT IS SO ORDERED this 12th day of April, 2007.

_J. Leon Holmes_
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE