IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

NICIE SMITH DILLEHAY                                                      PLAINTIFF

vs.                                    NO: 2:07cv00030 JLH/ JFF

DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT, et al.                                                  DEFENDANTS

## RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Holmes.
The parties may file specific written objections to these findings and recommendations and must
provide the factual or legal basis for each objection.  An original and two copies of the objections
must be filed with the Clerk no later than eleven (11) days from the date of the findings and
recommendations.  A copy must be served on the opposing party.  The District Judge, even in the
absence of objections, may reject these findings and recommendations in whole or in part.

### BACKGROUND

Nicie Smith Dillehay has filed this action against various entities, including the Department of
Treasury, the Department of Housing and Urban Development, the Veterans Administration, and Sallie Mae.
She has also filed two motions for emergency injunctions to prohibit the Department of Treasury from
withholding funds from her disability checks.  District Judge Holmes denied Dillehay's motion for
injunctive relief (DE# 30) and referred the case to the undersigned for appropriate disposition.

Plaintiff complains that her long sought social security disability payments are being unfairly
and illegally garnished by the government (specifically, HUD and Sallie Mae/Student Loan

Guarantee Foundation).  It appears from the documents submitted by Plaintiff that the Department of Treasury is withholding funds from Dillehay's Social Security benefit payments pursuant to 31 U.S.C. § 3716.  Plaintiff asserts (as best this court understands her allegations) that HUD is seeking to recoup a debt that was discharged in a prior bankruptcy and/or that does not exist due to profit received, or mortgage insurance proceeds received, following foreclosure on a prior residence. Plaintiff does not dispute the validity of the student loan debts, but asserts that she should not be expected to repay these loans because she was trying to pursue a new career while seeking disability benefits.  Plaintiff alleges that various other defendants have wronged her in a number of ways.

### GOVERNMENT DEFENDANTS

The undersigned recommends that plaintiff's complaint against HUD, SALLIE MAE/Student Loan Guarantee Foundation, and the VA be dismissed. Despite prior warning regarding proper service from Judge Holmes,  it appears that Plaintiff has not properly served HUD, SALLIE MAE/Student Loan Guarantee Foundation or the VA. Federal Rule of Civil Procedure 4(i) 1(A) provides that service upon the United States shall be effected by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney **and** (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

Plaintiff has filed returns of service purporting to evidence personal service on the United

2

States Attorney for Department of Treasury (DE# 34), United States Attorney for Department of

Housing and Urban Development (DE# 35), United States Attorney for Student Loan Guarantee

Foundation of Arkansas (DE# 36), Student Loan Guarantee Foundation of Arkansas c/o Arkansas

Attorney General (DE# 40), and United States Attorney for Veteran's Administration (DE# 37).  She

has not; however, provided proof that she sent a copy of the summons and of the complaint by

registered or certified mail to the Attorney General of the United States at Washington, District of

Columbia.  It is within this court's discretion to dismiss this complaint  due to Plaintiff's failure to

effectuate service.  *Bullock v. United States*, 160 F.3d 441 (8th Cir. 1999); *Carmona v. Ross*, 376 F.3d

829 (8th Cir. 2004).[1]

    Alternatively, Plaintiff has not submitted proof of exhaustion of administrative remedies.

## **MOTIONS TO DISMISS**

    Separate defendants Allen Trammel Real Estate, MOHELA, and Pioneer Collections have

---

[1]

    Even had Plaintiff properly served these defendants, the documents she has provided the court (DE# 54) indicate that the offsets complained of are specifically authorized as an offset of payments due under the Social Security Act. 31 U.S.C § 3716(c)(3)(A)(i)(l). *See also Lockhart v. United States,* 376 F.3d 1027 (9th Cir. 2004). Further, the documents attached to DE# 54 indicate that Plaintiff has availed herself (or attempted to avail herself) of potential remedies for the HUD debt, such as bankruptcy (which was dismissed), (pg. 17-20) and application for forgiveness of student loan debt due to disability (denied because the disbursements of funds were after the disability date)(pg. 22-25). The student loan disbursements appear to range from 09/18/00 to 01/16/03 and total $25,629.00 plus interest (pg. 8). Plaintiff was found disabled by the Social Security Administration beginning January 16, 2004 (pg.23); however, the forgiveness application form she submitted lists a physician determined disability date beginning 06/01/1999 (pg.24). Thus, the denial of student loan forgiveness was not based upon a disability date determination by the government (SSA), but upon the statement of Plaintiff's physician. Also, the denial document (pg. 22) notes that a loan may not be discharged due to total and permanent disability if an education loan is disbursed within three years of the date of disability. Contrary to Plaintiff's argument, the undersigned does not find  it  unfair to deny student loan proceeds to an individual who asserts that they are totally disabled, i.e. unable to pursue employment if further educated.

    Although the court is unable to determine the source of the affidavit of Brian Dillon, attached as pg.17 of DE #54, it explains the HUD debt as: "Regions Bank transferred title to the property at 3206 Walker St., Little Rock, AR to the VA on January 17, 2001, in exchange for a VA mortgage insurance payment.  The VA later sold the property to a third party to reduce its loss on the mortgage insurance claim.  This transaction had no bearing on the Petitioner's liability for the property improvement loan assigned to HUD and HUD was not entitled to any proceed as a result of the foreclosure sale or subsequent sale of the property by the VA."

filed motions to dismiss, asserting that Plaintiff's complaint fails to state a cause of action against them pursuant to Fed. R. Civ. P. 12(b)(6), docket entries 13, 42, and 47.  Separate defendant Regions claims the affirmative defense of failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6) and prays for dismissal of the complaint (DE# 18-2).

In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), all facts alleged in the  complaint are assumed to be true. *Doe v. Northwest Bank Minn., N.A.,* I07F.3d 1297, 1303-04 (8th Cir. 1997). The complaint should be reviewed in the light most favorable to the plaintiff, *McMorrow v. Little,* 109 F.3d 432, 434 (8th Cir. 1997), and should not be dismissed unless it is clear beyond doubt that the plaintiff can prove no set of facts thereunder which would entitle him or her to relief. *Hafley* v. *Lohman,* 90 F.3d 264, 266 (8th Cir. 1996), *cert denied,* 117 S.Ct. 1081 (1997), A motion to dismiss is not a device for testing the truth of what is asserted or for determining whether the plaintiff has any evidence to back up what is in the complaint. *ACLV Foundation of Southern California v. Barr,* 952 F.2d 457, 467 (D.C.Cir. 1991). The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims, irrespective of a judge's disbelief of a complaint's factual allegations or a judge's belief that the plaintiff cannot prove what the complaint asserts. *Id. See also Hickman v, Tosco Corp.,* 840 F.2d 564, 565 (8th Cir. 1988); *Fusco v. Xerox Corp.,* 676 F.2d 332, 334 (8th Cir. 1982). Thus, a motion to dismiss should be granted "'as a practical matter ... only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" *Freyv. City of Herculaneum,* 44 F.3d 667, 671 (8th Cir. 1995) (quoting *Hishon v. King & Spatding,* 467 U.S. 69, 73 (1984)).

## ALLEN TRAMMEL REAL ESTATE

Defendant Trammell asserts that Plaintiff's complaint fails to state a claim against him and that he has had no dealing with Plaintiff.  Plaintiff's complaint does not state any facts alleging wrongs committed by defendant Trammell and mentions him only in the caption by listing him as a defendant.  It appears that Trammell & Co.  prepared the "buyer's closing statement" for the April 23, 2001 sale of 3206 Walker Street from the VA to the Bradshaws. (DE# 15, pg.5).  There is nothing about this action that states a claim entitling Plaintiff to relief.  **The Magistrate Judge recommends that Defendant Trammel's Motion to Dismiss (DE# 13) be GRANTED.**

## MOHELA

As with Trammel, Plaintiff makes no reference to MOHELA in her complaint other than in the caption.  Plaintiff's response (DE# 49) states that "MOHELA has taken action against the Plaintiff that involves aggressive and abusive collection practices, they are a legitimate Defendant in the matter.  The fact that they are included in the collection of student loans is evident in the page of a credit report which was submitted to the court, showing they were not diligent in keeping a current address with their collection appendages."  Plaintiff's response (DE# 52) states that MOHELA's collection efforts in the past were harassing. These responses in no way cure Plaintiff's failure to state an actionable claim against MOHELA.[2]  **The Magistrate Judge recommends that Defendant MOHELA's Motion to Dismiss (DE# 42) be GRANTED.**

---

[2] MOHELA's reply D(E# 51) explains that MOHELA was, at one time, a holder of promissory notes in connection with some of Plaintiff's student loans.  However, these notes were assigned to the Student Loan Guarantee Foundation of Arkansas on December 31, 2004, and MOHELA had no further involvement.

5

**PIONEER CREDIT RECOVERY, INC.**

Pioneer Credit Recovery, Inc. (incorrectly named as Pioneer Collections) asserts that Plaintiff makes no reference to them in her complaint other than in the caption and once in a section titled "Defendants." Pioneer also asserts that Plaintiff's complaint fails to make any specific allegations against it, which, if true, would state a claim for violation of any consumer law or regulation. Plaintiff's response (DE# 52) does not even mention Pioneer. **The Magistrate Judge recommends that Defendant Pioneer Credit Recovery, Inc.'s Motion to Dismiss (DE# 47) be GRANTED.**

**REGIONS BANK**

The undersigned also construes Region's assertion that the complaint fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), as a motion to dismiss. Plaintiff's complaint states that "Regions Bank, the bank who bought Plaintiff's bank (First Commercial) collected the $8,000.00 owed on the original mortgage from the Veterans Administration and subsequently has continued collections against the Plaintiff for the same $8,000.00." This assertion is contrary to Plaintiff's claim that the entities asserting offsets to her disability payments are HUD and SALLIE MAE/Student Loan Guarantee Foundation. Plaintiff submitted DE#54, pg.20, which appears to list Regions as an unsecured creditor in a bankruptcy action. Plaintiff's complaint fails to state an actionable claim against Regions. It is clear beyond doubt that the plaintiff can prove no set of facts against Regions which would entitle her to relief. **The Magistrate Judge recommends that Defendant Regions Bank be dismissed as a defendant in this case.**

**It is hereby recommended that Defendants' Motion to Dismiss (DE# 13, 42 & 47) be Granted, and that Plaintiff's Complaint be dismissed in its entirety.**

IT IS SO ORDERED this 2nd day of August, 2007.

UNITED STATES MAGISTRATE JUDGE

6